IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Raymond Barry Bishop, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 3:05-3612-JFA-JRM |
| v. | ) | |
| | ) | |
| Thomas Howard & Company, Inc., | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and recommendation dated February 8, 2008, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (D.S.C.):

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This is an action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §

12101, *et seq*. On December 30, 2005, plaintiff Raymond Barry Bishop filed this action against his employer, defendant Thomas Howard & Co. Inc., alleging discrimination on the basis of age in violation of the ADEA and on a "regarded as" disability in violation of the ADA.[1] On April 9, 2007, defendant filed a motion for summary judgment. On May 17, 2007, plaintiff filed a response in opposition to the motion, and on May 24, 2007, defendant replied. On February 8, 2008, the magistrate judge filed a detailed and comprehensive report and recommendation ("report") recommending that defendant's motion for summary judgment be denied as to plaintiff's claim for failure to hire for a part-time position in violation of the ADEA, but that defendant be granted summary judgment as to the remainder of plaintiff's claims. On February 29, 2008, defendant filed objections to the report and argued that defendant's motion for summary judgment should be granted in its entirety. Plaintiff did not file objections to the report.

In light of the standard set out above, after reviewing *de novo* the law and the report and recommendation of the magistrate judge, the court is of the opinion that further oral argument would not aid in the decisional process and that the recommendation of the

---

[1] In the report and recommendation, the magistrate notes that although plaintiff seemed to allege an ADA claim on the basis of an actual, as well as "regarded as" disability, plaintiff seems to have abandoned the actual disability theory. In its motion for summary judgment, defendant indicated that plaintiff had agreed that plaintiff's illness was not a disability within the meaning of the ADA, and plaintiff only addressed the "regarded as" theory of disability in his response in opposition to defendant's motion. Plaintiff did not object to this part of the report. Therefore, it is the court's understanding that plaintiff is only proceeding on a "regarded as" theory of disability in violation of the ADA.

2

magistrate judge to deny summary judgment in favor of defendant on the ADEA claim for failure to hire plaintiff in a part-time position and to grant summary judgment in favor of defendant on the remaining claims should not be disturbed.  The court overrules defendant's objections and finds that the record discloses evidence from which a reasonable jury could find that defendant's legitimate, nondiscriminatory reason for failing to hire plaintiff in a part-time customer services representative ("CSR") position was pretext for age discrimination. Therefore, the court denies defendant's motion for summary judgment with respect to the ADEA claim for failure to hire plaintiff for a part-time CSR position.  The court also grants defendant's motion for summary judgment with respect to the remaining claims, and plaintiff's remaining claims against defendant are dismissed.

For the foregoing reasons, the report and recommendation of the magistrate judge is incorporated herein by reference, and the defendant's motion for summary judgment is denied in part and granted in part.  This case is calendered for trial during the June-July term of court, with jury selection on Tuesday, June 10, 2008.

IT IS SO ORDERED.

March 11, 2008                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

3